23-155
*Hulinsky v. County of Westchester*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-three.

Present:
    DEBRA ANN LIVINGSTON,
        *Chief Judge*,
    REENA RAGGI,
    SUSAN L. CARNEY,
        *Circuit Judges*.

---

40 DAYS FOR LIFE, A NONPROFIT CORPORATION OF THE STATE OF TEXAS, WHITE PLAINS 40 DAYS FOR LIFE, AS UNINCORPORATED ASSOCIATION OF THE STATE OF NEW YORK, OKSANA HULINSKY, AND REGINA CREARY MOLINELLI,

        *Plaintiffs-Appellants*,

    v.                                23-155

COUNTY OF WESTCHESTER,

        *Defendant-Appellee*.[*]

---

[*] The Clerk of Court is respectfully directed to amend the caption to conform to the above.

1

| | |
|---|---|
| For Plaintiffs-Appellants: | CHRISTOPHER A. FERRARA (Michael McHale, *on the brief*), Thomas More Society, Whitestone, NY and Omaha, NE. |
| For Defendant-Appellee: | JOHN M. NONNA, Westchester County Attorney (Justin R. Adin, Deputy County Attorney, Shawna C. Mac-Leod, Senior Assistant County Attorney, *on the brief*), Westchester County Attorney's Office, White Plains, NY. |

Appeal from a January 25, 2023 order of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

40 Days for Life, White Plains 40 Days for Life, Oksana Hulinsky, and Regina Creary Molinelli (together, "Appellants") are pro-life organizations and advocates, respectively, who assert that Westchester County's (the "County") recently enacted Reproductive Health Care Facilities Access Act (the "Act") impermissibly restricts their right to facilitate and engage in sidewalk counseling outside of abortion clinics. Appellants brought constitutional challenges to seven of the Act's provisions delimiting activity around reproductive health centers and sought a preliminary injunction to enjoin enforcement of these provisions. On appeal, Appellants seek review of what they contend was the district court's "effective denial" of their request for injunctive relief as to only the Act's so-called "[b]ubble [z]one" provision, Appellants' Br. 6, which makes it a criminal offense to approach within eight feet of another person for the purpose of engaging in "oral protest, education, or counseling" when inside a one-hundred-foot radius of a reproductive health care facility, Westchester Cnty., N.Y., Charter & Admin. Code § 425.31(i) (2023). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we recount only as necessary to explain our decision to dismiss for lack of jurisdiction.

2

Pursuant to 28 U.S.C. § 1292(a)(1), we have jurisdiction over appeals from "[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." Even if an order does not speak in terms of injunctive relief, jurisdiction under § 1292(a)(1) may nevertheless lie "where an order has the 'practical effect' of granting or denying an injunction[.]" *Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981)). "An order has the practical effect of granting injunctive relief within the meaning of section 1292(a)(1) if it is 'directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint[.]'" *HBE Leasing Corp. v. Frank*, 48 F.3d 623, 632 (2d Cir. 1995) (quoting *Abish v. Nw. Nat'l Ins. Co.*, 924 F.2d 448, 453 (2d Cir. 1991)). To invoke § 1292(a)(1) in the absence of an order specifically addressed to injunctive relief, a party must show that an interlocutory order (1) "might have a serious, perhaps irreparable, consequence" and (2) "can be effectively challenged only by an immediate appeal." *RSS WFCM2018-C44 - NY LOD, LLC v. 1442 Lexington Operating DE LLC*, 59 F.4th 586, 593 n.5 (2d Cir. 2023) (quoting *Carson*, 450 U.S. at 84); *accord Sahu v. Union Carbide Corp.*, 475 F.3d 465, 467 (2d Cir. 2007).

Here, Appellants claim that the district court "effectively denied" their request for a preliminary injunction against the County's bubble zone restrictions as reflected by the district court's (1) statements at the January 18, 2023 premotion conference indicating that it viewed their challenge to the Act's bubble zone provision as substantively identical to that which it rejected in a related case;[1] and (2) decision declining to separately adjudicate their bubble zone claim from the

---

[1] Approximately two weeks before this premotion conference, the district court granted the County's motion to dismiss in *Vitagliano v. County of Westchester*, a related case involving a sidewalk

3

rest of their challenges to the Act. Appellants' Br. 7. Neither of these cited bases, whether viewed collectively or in isolation, amount to an order with the "practical effect" of denying Appellants' requested injunction.

Appellants characterize the district court's statements during the premotion conference communicating its predisposition to deny Appellants' request to enjoin the County's bubble zone restriction as practically denying this aspect of their motion for a preliminary injunction. Despite its musings, however, the district court did not purport to resolve any facet of Appellants' motion at this premotion conference, and we decline to construe such statements as having any controlling effect on the parties' legal relationship without indication this was the court's intent. These statements are not a legal ruling "enforceable by contempt" or "designed to accord or protect some or all of the substantive relief sought by [Appellants]," and thus did not work a practical denial of their claim for injunctive relief. *HBE Leasing Corp.*, 48 F.3d at 632. A contrary conclusion risks transforming district court remarks reflecting perhaps an inchoate view of an issue's merits into appealable interlocutory orders. In these circumstances, the district court's denial of Appellants' request to enjoin the bubble zone restriction may well have been an inevitability, but § 1292(a)(1) does not permit Appellants to appeal before the district court enters an order to that effect.

Furthermore, the district court's refusal to separately adjudicate Appellants' bubble zone claim undercuts, rather than supports, Appellants' assertion of jurisdiction. In declining to certify Appellants' proposed order denying injunctive relief on their bubble zone claim, the district court

---

counselor's constitutional challenge to only the County's bubble zone restriction. See No. 22 Civ. 9370 (PMH), 2023 WL 24246 (S.D.N.Y. Jan. 3, 2023). We have today separately issued an opinion resolving the appeal of the district court's decision to dismiss *Vitagliano*.

4

determined that it saw "no basis in law to bifurcate the motion for preliminary injunction" and that it would "consider [Appellants'] request for preliminary injunctive relief as to all of the challenged provisions of Section 425.31 once the motion is sub judice." SPA 25. Rather than practically deny any component of Appellants' motion for preliminary injunctive relief, the district court simply informed the parties that it would consider the motion in its entirety once it was fully briefed. Appellants have cited no case, and we have found none, sustaining jurisdiction under § 1292(a)(1) where the district court had not issued an order that had a substantive effect on the parties' legal relationship.

Even if the combination of the district court's statements at the premotion conference and denial of Appellants' request to rule separately on the sole claim presented on this appeal somehow practically denied their request for injunctive relief, Appellants have failed to indicate why this ruling could "be effectively challenged only by an immediate appeal." *1442 Lexington Operating*, 59 F.4th at 593 n.5 (quoting *Carson*, 450 U.S. at 84). Less than two months after Appellants' motion for a preliminary injunction was fully briefed, on April 24, 2023, the district court issued a decision denying Appellants' motion for injunctive relief as to the six other provisions they challenged. *See Hulinsky v. County of Westchester*, — F. Supp. 3d —, No. 22 Civ. 6950 (PMH), 2023 WL 3052267 (S.D.N.Y. Apr. 24, 2023). But for their rush to the Court of Appeals, Appellants have provided no reason why their perceived denial of their bubble zone claim could not have been resolved along with their other challenges to the Act.

In short, Appellants invoked our appellate jurisdiction before the district court issued a substantive ruling on any component of their motion for injunctive relief. Because Appellants have not appealed from an appealable interlocutory order, we lack jurisdiction over this appeal.

\* \* \*

5

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, the appeal is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:  
Catherine O'Hagan Wolfe, Clerk of Court